**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ARVIND I. PATEL,
        Appellant,

    v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
PH-0752-13-1325-I-1

DATE: February 11, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

W. Philip Jones, Esquire, Avon, Connecticut, for the appellant.

Anthony V. Merlino, Esquire, and Kenneth A. Levine, Esquire, New York, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the agency's action removing him for unacceptable conduct. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant was removed from his position as Postmaster of Flemington, New Jersey, EAS-21, effective July 19, 2013. Initial Appeal File (IAF), Tab 4, pt. 1 at 13-16. He had been serving an extended detail as Officer-in-Charge, EAS-22, at the Edison, New Jersey Post Office at the time of his removal, and the conduct for which he was removed occurred in Edison. *Id.* at 17-19; Hearing Transcript (HT) at 304. The agency charged him with Unacceptable Conduct, a single narrative charge that described the results of investigations of incidents of harassment involving three women under his supervision, X.C., R.G., and K.S. IAF, Tab 4, pt. 1 at 17-22. The women claimed that the appellant touched them inappropriately at various times, misconduct that he categorically denied. *Id.* at 18-19. He appealed, and after a 2-day hearing, the administrative judge issued an initial decision sustaining the charge and relying on the testimony of the three complainants, whom she found to be credible. IAF, Tab 1, Tab 24, Tab 26, Initial Decision (ID) at 3-15. She also rejected the appellant's assertion that the notice of proposed removal was so vague as to violate his right to due process. ID at 15-17.

¶3      On review, the appellant argues that the agency's decision letter relied upon a superseded version of the notice of proposed removal.  Petition for Review (PFR) File, Tab 1 at 5-6.  The agency initially issued the proposal notice on March 4, 2013.  IAF, Tab 25 at 4.  The agency issued a second version of the notice on March 25, 2013.  IAF, Tab 4, pt. 1 at 17-23.  The only substantive difference between the two versions of the notice was the name of the deciding official.  HCD; *compare* IAF, Tab 25 at 4-9, *with* IAF, Tab 4, pt. 1 at 17-23.  Because the appellant had already submitted his response to the initially-appointed deciding official, K.R., when the second notice was issued, the agency transferred the response to the new deciding official, M.D.  *See* IAF, Tab 12 at 20.  The decision letter references the superseded March 4 notice.  *See* IAF, Tab 4, pt. 1 at 13.  During the hearing, the agency representative explained that the reference to the March 4 proposal notice was a typographical error, and that M.D. was instead addressing the March 25 notice in the decision letter.[2]  HT at 232-33.  Accordingly, the administrative judge treated the reference to the March 4 notice as a harmless error.  ID at 2 & n.2, 18 & n.6.

¶4      The appellant contends that the administrative judge erred by sustaining a charge that M.D. had failed to sustain because he had based the decision letter on a superseded proposal notice.  PFR File, Tab 1 at 5-7.  The appellant argues that M.D.'s direct testimony as to whether he was sustaining the charge set forth in the March 4 notice, or the charge in the March 25 notice, was inconsistent with his cross-examination and deposition testimony.  *Id.*  He argues that the

---

[2] The appellant postulates that the agency issued the March 25 proposal notice naming a new deciding official, M.D., because the original deciding official, K.R., was already somewhat involved in the matter.  PFR File, Tab 1 at 6-7 & n.3.  K.R., the appellant explains, had advised the appellant to exercise his rights under the Fifth Amendment during an interview with police following a report made by one of the complainants in this case.  *Id.* at 6 n.3.  That the appellant exercised his Fifth Amendment rights was mentioned in the proposal and decision letters.  *Id.*; *see* IAF, Tab 4, pt. 1 at 14, 18.  By issuing the March 25 proposal notice, the appellant asserts, the agency was engaging in "damage control" to hide K.R.'s actions.  PFR File, Tab 1 at 6 n.3.

administrative judge made no credibility findings when she accepted M.D.'s testimony on direct examination and further, that the agency did not submit a complete copy of the March 4 proposal notice for the administrative judge's examination. *Id.* at 6-7 & n.2. He further argues that the act of sustaining a superseded notice of proposed removal effectively denied him notice of the agency's charge. *Id.* at 6-7.

¶5 To the extent that the appellant asserts that the agency denied his due process rights, *see* PFR File, Tab 1 at 7, we disagree. The Due Process Clause requires the agency to give an eligible employee notice of the charges against him and the evidence underlying those charges, and an opportunity to respond, before removing the employee from federal service. *See Ward v. U.S. Postal Service*, [634 F.3d 1274](#), 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, [179 F.3d 1368](#), 1375 (Fed. Cir. 1999). Any ex parte communication relevant to the removal proceeding that takes place with the deciding official during the proceeding may constitute a due process violation because it potentially deprives the employee of notice of the evidence being used against him and the opportunity to respond to it. *See Ward*, 634 F.3d at 1279-80; *Stone*, 179 F.3d at 1376. Here, the appellant has not alleged any such communication. Moreover, he admitted under oath that he understood the notice of proposed removal. IAF, Tab 13 at 32. He also admitted he was aware of the investigations of his conduct before the first proposal notice was issued. HT at 318-19. Additionally, because the administrative judge was able to verify that the two notices were alike in all material respects, *see* IAF, Tab 25 at 4-9, he received notice of the charge against him not once, but twice.

¶6 The appellant also claims that the agency violated Employee and Labor Relations Manual § 651.73-.74.[3] *See* PFR File, Tab 1 at 5-6. Even if that were

---

[3] Section 651.73-.74 of the Employee and Labor Relations Manual pertain to the agency's issuing a notice of proposed removal and the employee's opportunity to respond to the proposed discipline.

the case, M.D.'s citation of the March 4 proposal notice is a minor procedural error. Whether a procedural error is harmful cannot be presumed; an agency's procedural error is harmful only where the record shows that the error likely caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991). The appellant has not shown that the agency would have reached a different conclusion regarding his removal if the decision letter had cited the March 25 proposal notice rather than the superseded March 4 notice. He has not offered any evidence to show that the March 25 notice differs materially from the March 4 notice. As for the administrative judge's omission of a credibility assessment for M.D., his testimony regarding his intention to sustain the charge set forth in the revised notice of proposed removal was uncontroverted. *See* HT at 235, 237-38.

¶7        Citing *Mason v. Department of the Navy*, 70 M.S.P.R. 584 (1996), the appellant argues that the notice of proposed removal was vague and thus gave insufficient notice of the charge against him, violating his right to due process. PFR File, Tab 1 at 8-9. He argues that the single charge of Unacceptable Conduct supported by a lengthy narrative was unclear because it lacked enumerated specifications. *Id.* at 8; *see* IAF, Tab 1 at 6. He further argues that when he met with the proposing official, J.M., and denied the womens' allegations, "the agency improperly shifted the burden of proof" by issuing the charge anyway. PFR File, Tab 1 at 9. By denying the allegations, he argues, he was unable "to satisfy the improper burden, i.e. his denial, [and he] was charged with a new charge that was not identified." *Id.* He additionally asserts that J.M. did not understand the charge he was making because the agency's labor relations representative prepared the proposal notice. PFR File, Tab 1 at 9.

¶8        If the notice is sufficiently specific to allow the employee to respond and defend against the charge, the agency has given adequate notice. *See, e.g.*, *Gilmore v. U.S. Postal Service*, 103 M.S.P.R. 290, ¶¶ 7-14 (2006), *aff'd*, 232 F.

App'x 276 (Fed. Cir. 2008). Here, the agency's notice of proposed removal gave the appellant adequate notice. Unlike *Mason*, where the Board declined to sustain a charge for lack of specificity, *see Mason*, 70 M.S.P.R. at 586-88, the appellant received precise identifying information regarding the individual incidents upon which the charge was based, including the name of each complainant, the dates and locations of the incidents they reported, and a description of the offending conduct. He was also informed about the agency's investigations of the incidents. *See* IAF, Tab 4, pt. 1 at 18-19. He admitted under oath that he understood the charge as set forth in both proposal notices and the reasons for the investigations leading to the charge. IAF, Tab 13 at 32. When the agency offered him the opportunity to examine the evidence upon which the charge was based, *see* IAF, Tab 4 at 21; *cf. Gilmore*, 103 M.S.P.R. 290, ¶ 15, he did not do so, ID at 17. The record also does not show that he was denied discovery on appeal. *Cf. Mason*, 70 M.S.P.R. at 587.

¶9          Moreover, the form of the charge—a general label of "Unacceptable Conduct" with a lengthy narrative describing specific instances of misconduct—is acceptable in Board proceedings. Hypertechnical common law pleading is not obligatory in Board practice, and an agency is not required to narrowly label its charge with magic words for it to be sustained by the Board. *Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 203 (1997). An agency may simply describe actions that constitute misbehavior in narrative form in its charge letter. *Id.* at 202.

¶10          The appellant's contention that the proposing official, J.M., shifted the burden of proof is similarly unavailing. Instead, J.M. confronted the appellant with allegations that he believed were credible, based on three separate investigations. *See* IAF, Tab 4, pt. 1 at 18-19. As the proposal notice states, J.M explained that he could not believe the appellant's blanket denial, based on a large body of evidence supporting the allegations. *Id.* He thus made a credibility determination regarding the evidence before him in deciding to charge the appellant. The agency still bore the burden of proof in the Board appeal

proceeding. The appellant's blanket denial of the accusations only serves to weaken his claim that he lacked notice of the charge. Where an appellant comes forward and refutes a charge made against him, the Board cannot find that he was not given notice of the charge. *Bias v. Equal Employment Opportunity Commission*, 20 M.S.P.R. 216, 219 (1984).

¶11 Citing *Lanza v. Department of the Army*, 67 M.S.P.R. 516, 520-21, *remanded*, 70 F.3d 1289 (Fed. Cir. 1995) (Table), the appellant asserts that the administrative judge improperly sustained the charge because the deciding official did not sustain it first.[4] PFR File, Tab 1 at 10-11. He asserts that the decision letter did not specifically name R.G., one of the three women whose complaints were included in the proposal notice. *See* IAF, Tab 4, pt. 1 at 18-19. For this reason, he argues, the deciding official did not sustain the "specifications" regarding R.G. PFR File, Tab 1 at 10-11.

¶12 The appellant's argument lacks any basis in fact or law. The decision letter references the allegations made by all three complainants in the aggregate, and all of the women are mentioned by name. *See* IAF, Tab 4, pt. 1 at 13-14. Although it is true that the letter recounts in more detail allegations made by X.C. and K.S., the appellant cited no authority supporting the proposition that the decision letter must reiterate every detail of the charge as set forth in the proposal notice.

¶13 The appellant refers to "specifications," moreover, which may reflect his confusion about the structure of the charge and the agency's burden of proof. The form of the agency's charge, a narrative describing several instances of misconduct without any enumerated specifications, is an allowable one. *See*

---

[4] In *Lanza*, the decision letter did not address one of the two acts of misconduct described in a single charge, but the administrative judge sustained the entire charge. *See Lanza*, 67 M.S.P.R. at 520-21. The Board split the charge, finding that the two separate acts of misconduct described therein were not dependent upon each other and did not comprise a single, inseparable event. *Id.* at 520. The Board found that the administrative judge erred by sustaining the new charge that pertained to misconduct not addressed in the decision letter. *Id.* at 521.

*Otero*, 73 M.S.P.R. at 202. The agency's obligation was to prove the *essence* of the charge, not every allegation therein. *Otero*, 73 M.S.P.R. at 204; *see Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (Table). Even if the agency *had* structured the charge with enumerated specifications, proof of one or more, but not all, of the supporting specifications would have been sufficient to sustain the charge. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990).

¶14    Finally, the appellant takes issue with the administrative judge's findings of fact and demeanor-based credibility determinations regarding two of the three complainants, as well as her finding that his testimony was not credible. PFR File, Tab 1 at 11-31. The administrative judge found that the complainants testified truthfully, based on their demeanor when testifying, the internal consistency of their testimony, and the consistency of their testimony with that of other witnesses and record evidence. *See* ID at 7-9, 11. In assailing the administrative judge's findings, the appellant cites several specific examples of testimony with which he takes issue, and he uses deposition testimony, the testimony of other witnesses, and documents from the record to argue that the complainants gave untrue or otherwise unreliable testimony. PFR File, Tab 1 at 12-30.

¶15    The administrative judge is the trier of fact in Board appeals, and credibility determinations fall within her province. *See Southerland v. Department of Defense*, 117 M.S.P.R. 56, ¶ 23 (2011), *aff'd as modified*, 119 M.S.P.R. 566 (2013). To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or

its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). The Board must give deference to an administrative judge's credibility determinations when they are based explicitly or implicitly on the observation of the demeanor of witnesses testifying at the hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Id.* Sufficiently sound reasons include findings that are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *See Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004).

¶16    The appellant reasserts some of the issues he raised during his cross-examination of the complainants, such as X.C.'s use of varying terms describing his actions in different investigatory reports, and minor discrepancies between the reports regarding the timing of some incidents. *See* PFR File, Tab 1 at 12-20, 23-30. The initial decision shows that the administrative judge considered the *Hillen* factors and gave significant weight to witness demeanor, particularly that of the complainants. *See, e.g.*, ID at 6-8, 11. She also relied on documents in the record that were consistent with the complainants' accounts; the testimony of other witnesses, including those called by the appellant; and the complainants' other conduct. *See, e.g.*, ID at 13-15; IAF, Tab 4, pt. 3. As for the appellant's criticism of the administrative judge's finding that his own testimony was less than credible, *see* PFR File, Tab 1 at 30-31, her findings are based in part upon her observation of his demeanor during the hearing, *see* ID at 12. She also considered other relevant factors, such as the reports, the testimony and statements of other witnesses (including employees other than the three complainants), the disciplinary history of the complainants, and any prior complaints they had filed with the agency. *See* ID at 7-15; *see, e.g.*, IAF, Tab 4, pt. 2 at 4. In conclusion, the appellant seeks to discredit a large body of evidence

supporting the agency's action by identifying a few inconsequential discrepancies in the record. We find that he has not established that the administrative judge's findings are "incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole." *See Faucher*, 96 M.S.P.R. 203, ¶ 8. Accordingly, we conclude that the administrative judge considered the entire body of evidence, drew appropriate inferences, and made reasoned conclusions on issues of credibility, and we affirm the initial decision. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's

website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.